IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARACELI PALACIOS, CLAUDIA HERNANDEZ, ELIZABETH FABIAN-GONZALEZ, JOSEFIN GARDUNO, and MARCELA ARREGUIN,<br><br>Plaintiffs,<br><br>v.<br><br>METRO KLEENERS, LLC, VIPUL AGGARWAL, individually, and MIHIR KOTHARI, individually<br><br>Defendants. | FILED: AUGUST 1, 2008<br>08CV4373<br>JUDGE GETTLEMAN<br>MAGISTRATE JUDGE KEYS<br>TC<br><br>Case No.<br><br>Judge |

## COMPLAINT

Plaintiffs Araceli Palacios, Claudia Hernandez, Elizabeth Fabian-Gonzalez, Josefin Garduno and Marcela Arreguin, through their attorneys, for their Complaint against Metro Kleeners, LLC ("Metro Kleeners"), Vipul Aggarwal ("Aggarwal"), and Mihir Kothari ("Kothari") (collectively "Defendants"), state as follows:

### I. NATURE OF PLAINTIFFS' CLAIM

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for Defendants' (1) failure and refusal to pay Plaintiffs premium overtime pay for all hours worked in excess of forty (40) in individual work weeks; (2) failure and refusal to pay state and federal minimum wages for all the time Plaintiffs worked; and (3) failure to pay all earned wages for all time worked at the rates agreed upon by the parties.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

## III. THE PARTIES

3. Plaintiffs currently reside in and are domiciled this judicial district.

4. At all relevant times herein, Plaintiffs were employed as Defendants' "employees" within this judicial district and were not exempt from the overtime wage provisions of the IMWL, 820 ILCS 105/1 *et seq.*, the FLSA, 29 U.S.C. §207, or the IWPCA, 820 ILCS §115/1 *et seq.*

5. At all relevant times herein, Defendants have been an "employer" as defined in the IMWL, 820 ILCS 105/3(c), the FLSA, 29 U.S.C. §203(d), and the IWPCA, 820 ILCS §115/1 *et seq.*

6. Defendants have had two or more employees, including Plaintiffs, who handle goods that moved in interstate commerce.

7. Defendant Metro Kleeners is an Illinois corporation with its principal place of business within this judicial district and is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A).

8. Defendant Aggarwal is an owner and principal officer of Defendant Metro

Kleeners and is involved in the day to day business operation of Defendant Metro Kleeners. Defendant Aggarwal has the authority to hire and fire persons employed by Defendant Metro Kleeners, including the Plaintiffs, the authority to direct and supervise the work of Defendant Metro Kleener's employees, the authority to sign on Defendant Metro Kleener's checking accounts, including payroll accounts, and makes decisions regarding employee compensation and capital expenditures.

9. Defendant Kathari is an owner and principal officer of Defendant Metro Kleeners and is involved in the day to day business operation of Defendant Metro Kleeners. Defendant Kathari has the authority to hire and fire persons employed by Defendant Metro Kleeners, including the Plaintiffs, the authority to direct and supervise the work of Defendant Metro Kleener's employees, the authority to sign on Defendant Metro Kleener's checking accounts, including payroll accounts, and makes decisions regarding employee compensation and capital expenditures.

10. Defendant Aggarwal was Plaintiffs' "employer" as that term is defined in the IMWL, 820 ILCS 105/3(c), the IWPCA, 820 ILCS §115/1 *et seq.*, and the FLSA, 29 U.S.C. 203(d).

11. Defendant Kathari was Plaintiffs' "employer" as that term is defined in the IMWL, 820 ILCS 105/3(c), the IWPCA, 820 ILCS §115/1 et seq., and the FLSA, 29 U.S.C. 203(d).

### COUNT I
### (Violation of the Fair Labor Standards Act - Overtime Wages)
### (Plaintiffs Palacios, Hernandez, Fabian-Gonzalez, and Garduno only)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 11 of this Complaint as though set forth herein.

12. This count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay overtime wages to Plaintiffs at a rate of one and one half times their regular hourly rate of pay.

13. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

14. During the course of Plaintiffs' employment, Defendants directed Plaintiffs to work in excess of forty (40) hours in individual work weeks. Plaintiffs customarily worked in excess of sixty (60) hours in individual work weeks.

15. Pursuant to 29 U.S.C. § 207, Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

16. Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

17. Defendants' failure to pay overtime wages to Plaintiffs for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

18. Defendants willfully violated the FLSA by refusing to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours per week.

19. Plaintiffs are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiffs' regular rate for all time Plaintiffs worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### (Violation of the Fair Labor Standards Act – Minimum Wages)
### (Plaintiffs Palacios, Hernandez, Fabian-Gonzalez, Garduno, and Arreguin)

Plaintiffs incorporate and reallege paragraphs 1 through 19 as though set forth herein.

20. This count arises from Defendants violation of the FLSA for their failure to pay Plaintiffs the federally-mandated minimum wages for all time they worked.

21. During the course of their employment with Defendants, Plaintiffs were not compensated for all time worked in certain work weeks and, as a result, their hourly wage fell below the federal minimum wage.

22. Plaintiffs were entitled to be paid the federal minimum wage for all time worked.

23. Defendants' failure to pay the federal minimum wage rate violated the minimum wage hour provisions of the FLSA.

24. Defendants willfully violated the FLSA by refusing to pay Plaintiffs the then federally-mandated minimum wages for all hours they worked.

25. Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit because Defendants' failure and refusal to pay minimum wages for all hours worked in individual work weeks was a willful violation of the FLSA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid minimum wages for all hours worked that Plaintiffs worked;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiffs are found to be due and owing;

C. Reasonable attorneys' fees;

D. Costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### (Violation of the Illinois Minimum Wage Law-Overtime Wages)
### (Plaintiffs Palacios, Hernandez, Fabian-Gonzalez, and Garduno only)

Plaintiffs incorporate and reallege paragraphs 1 through 25 as though set forth herein.

26. This count arises from Defendants' violation of the IMWL for their failure to pay Plaintiffs their earned overtime pay for time worked in excess of forty (40) hours in individual workweeks.

27. Plaintiffs were directed to and did work in excess of forty (40) hours in certain individual workweeks, customarily working in excess of sixty (60) hours per week.

28. Defendants did not pay Plaintiffs overtime pay at the rate of one and one half times their regular rate for all overtime worked.

29. Plaintiffs were entitled to be paid at the rate of one and one half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

30. Defendants' failure to pay overtime to Plaintiffs for all time worked in excess of forty (40) hours in individual work weeks violated the maximum hour

6

provisions of the IMWL.

31. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiffs pray for a judgment against Defendants, as follows:

A. A judgment in the amount of all back wages due as provided by the IMWL;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*;

D. Such other and further relief as this Court deems appropriate and just.

### COUNT IV
### (Violation of the Illinois Minimum Wage Law – Minimum Wages)
### (Plaintiffs Palacios, Hernandez, Fabian-Gonzalez, Garduno, and Arreguin)

Plaintiffs incorporate and reallege paragraphs 1 through 31 as though set forth herein.

32. This count arises from Defendants' violation of the IMWL for their failure to pay Plaintiffs the state-mandated minimum wages for all time they worked.

33. During the course of their employment with Defendants, Plaintiffs were not compensated for all time worked in certain work weeks, and, as a result, their hourly wage fell below the Illinois minimum wage.

34. Plaintiffs were entitled to be paid the Illinois minimum wage for all time worked.

35. Defendants' failure to pay the Illinois minimum wage rate violated the

minimum wage hour provisions of the IMWL.

36. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiffs pray for a judgment against Defendants, as follows:

A. A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT V
### (Violation of the Illinois Wage Payment and Collection Act – Earned Wages)
### (Plaintiffs Palacios, Hernandez, Fabian-Gonzalez, Garduno, and Arreguin)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 36 of this Complaint as if fully set forth herein.

37. This count arises from Defendants' failure to pay Plaintiffs their earned wages for all time worked at the rate agreed to by the parties in violation of the IWPCA.

38. During the course of Plaintiffs' employment with Defendants, the Plaintiffs had an agreement that they would be compensated at the agreed upon hourly rates for all time worked.

39. During the course of their employment with Defendants, Plaintiffs, during certain periods, regularly were not compensated at the agreed upon rates for all time they worked for Defendants.

8

40. Plaintiffs were entitled to be paid for all time worked at the rate agreed upon by the parties.

41. Defendants' failure to compensate for all time worked at the rate agreed to by the parties violated the IWPCA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due, as provided by the Illinois Wage Payment and Collection Act;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

C. Reasonable attorneys' fees and costs of this action;

D. That the Court determines the rights of the parties and direct Defendants to account for all hours owed wages owed to Plaintiffs;

Respectfully submitted,

Dated: July 31, 2008

s/ John E. Untereker
JOHN E. UNTEREKER (#6290945)
CHRISTOPHER J. WILLIAMS (#6284262)
Working Hands Legal Clinic
77 W. Washington, Suite 1402
Chicago, Il 60602
(312) 795-9115

Attorneys for Plaintiffs